IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHRISTOPHER OSHA MOORE, #35857**                                      **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 3:08-cv-531-HTW-LRA**

**MARK DUNCAN, JOE RIGBY,**
**P. SHAWN HARRIS AND MARCUS GORDON**                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Moore is an inmate of the Mississippi Department of Corrections (MDOC), who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The named defendants are Mark Duncan, District Attorney of Scott County; Joe Rigby, Clerk of Scott County Circuit Court; P. Shawn Harris, attorney-at-law; and Marcus Gordon, Circuit Court Judge. Upon liberal review of the complaint and response [9], the Court has reached the following conclusions.

### Background

Plaintiff states that on February 11, 2008, he was convicted of the sale of cocaine in the Circuit Court of Scott County, Mississippi. Plaintiff states that he was sentenced to serve terms of six-years and one-year imprisonment in the Mississippi Department of Corrections, to run consecutive. Plaintiff alleges that his conviction and sentences are illegal because his indictment was invalid. Therefore, Plaintiff claims District Attorney Duncan committed prosecutorial misconduct because he prosecuted the Plaintiff based on an invalid indictment, Circuit Clerk Rigby violated his constitutional rights because he filed the invalid indictment, he received ineffective assistance of counsel by defense attorney Harris because he failed to

investigate the validity of the indictment and Judge Gordon committed plain error by allowing him to be prosecuted based on an invalid indictment.

In sum, Plaintiff alleges that his constitutional rights were violated by the defendants actions resulting in his illegal confinement.  As relief in this action, Plaintiff seeks $650.00 for each day he has been incarcerated, "for punitive damage and false judgment." *Comp. [1]*, p.4.  In addition, he is requesting $850,000.00 "for emotional distress mistake and condition on the mind." *Id.*

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2), provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

"Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

The Court finds that Plaintiff's claims for monetary damages are precluded by the United States Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendants alleged actions, it would necessarily imply the invalidity of his current convictions and imprisonment. Furthermore, Plaintiff cannot demonstrate that his

3

convictions or sentences have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254" *Id* at 2372.[1]  Thus, the Court has determined that Plaintiff has failed to meet the requirements of *Heck v. Humphrey*, in order to proceed with this § 1983 case at this time.

Even though the Plaintiff's complaint and request for monetary damages are being dismissed for failing to meet the requirements set forth in *Heck*, the United States Court of Appeals for the Fifth Circuit held that "it remains appropriate for district courts to consider the possible applicability of absolute immunity . . . as a threshold matter in making a § 1915(d) determination." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (*quoting Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)).

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993). "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (*citing Stump v. Sparkman*, 435 U.S. 349 (1978)), *cert. denied*, 474 U.S. 1101 (1986).  Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete

---

[1] The Court entered an order which specifically directed the Plaintiff to state if the complained of convictions and/or sentences had been invalidated by any of these means.

absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21, 108 S.Ct. 538, 540-41, 98 L.Ed.2d 555 (1988). In addition, absolute immunity extends to prosecutors who are performing prosecutorial acts. *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). The Plaintiff does not provide any facts to establish that District Attorney Duncan or Judge Gordon were performing acts other than those directly related to prosecuting or presiding over the criminal case against the Plaintiff. Hence, even if the Plaintiff was able to meet the *Heck* conditions, he cannot proceed with this suit against Judge Gordon and District Attorney Duncan because they are absolutely immune from suit and liability under 42 U.S.C. § 1983.

## Conclusion

As discussed above, Plaintiff's claims for monetary relief are barred by *Heck v. Humphrey* and Judge Gordon and District Attorney Duncan are entitled to absolute immunity from this suit. As such, this action will be dismissed, with prejudice,[2] pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[3] If Plaintiff receives "three strikes" he

---

[2] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), claims barred by *Heck* are properly dismissed with prejudice "until the Heck conditions are met."

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

    A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    THIS the 31st day of October, 2008.

                              s/  HENRY T. WINGATE

                              CHIEF UNITED STATES DISTRICT JUDGE

---

serious physical injury."